(170 App. Div. 337)

PEOPLE v. DAVICO.

(Supreme Court, Appellate Division, Second Department.   December 17, 1915.)

1. POISONS $\Longleftrightarrow$4—CRIMINAL PROSECUTIONS—SALE OR GIFT OF COCAINE—STATUTE.

Under Penal Law (Consol. Laws, c. 40) § 1746, as added by Laws 1913, c. 470, providing that any person who shall sell, furnish, or give away cocaine or its salts, except under conditions and to persons specified, shall be guilty of a felony, where a police officer, while seated in a saloon, was handed a parcel containing cocaine hydrochloride by defendant, who, when the officer asked him what it was, replied, "Why, this is the coke," nothing further being said, defendant was not guilty of violating the statute.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. $\Longleftrightarrow$4.]

2. POISONS $\Longleftrightarrow$9—CRIMINAL PROSECUTIONS—SALE OR GIFT OF COCAINE—SUFFICIENCY OF EVIDENCE.

In a prosecution for violating Penal Law, § 1746, denouncing the selling or giving away of cocaine, evidence *held* insufficient to sustain a conviction.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. $\Longleftrightarrow$9.]

3. POISONS $\Longleftrightarrow$9—CRIMINAL PROSECUTIONS—SALE OR GIFT OF COCAINE—TRIAL—INSTRUCTIONS.

In a prosecution for violating Penal Law, § 1746, denouncing the selling or giving away of cocaine, where defendant was indicted jointly with the owner of a saloon, in the absence of evidence that defendant was employed in such saloon, and that his codefendant was his employer, the charge, repeatedly asserting that defendant worked in the saloon kept by his codefendant, and that his codefendant was his employer, and mistakenly asserting that defendant's counsel admitted that the box obtained in the saloon contained cocaine, was so prejudicial as to call for new trial as a matter of right or justice.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. $\Longleftrightarrow$9.]

Appeal from Kings County Court.

James Davico was convicted of selling cocaine, and he appeals. Reversed, and new trial ordered.

$\Longleftrightarrow$For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

George W. Martin, of Brooklyn (David F. Price, of Brooklyn, on the brief), for appellant.

Ralph E. Hemstreet, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Harry G. Anderson, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

RICH, J. The defendant was indicted jointly with Dominic Carlucci, but was tried separately.

[1] On the evening of August 29, 1914, one Waitword, a policeman, accompanied by a woman of the street, visited a saloon owned and conducted by Carlucci, at 30 Flushing avenue. Waitword did not know the appellant, and had never seen him prior to the time when he entered the saloon. He says that while seated in the rear room the appellant entered and handed him a parcel; that he asked, "What's this?" and the appellant replied, "Why, this is the coke." Nothing further was said, and there was no conversation between Waitword and Carlucci in the presence of the appellant. No money was paid to the appellant or to any one else in his presence, and Waitword did not see the appellant again until September 3d, when he arrested him. No conversation was had with him on that occasion, but in his presence Carlucci, after being arrested, said to Waitword, "Well, Danny, I am surprised at you double-crossing me like that." This is the entire evidence against the appellant, with the exception of that of the chemist, who testified that the parcel contained cocaine hydrochloride, one of the salts of cocaine.

Section 1746 of the Penal Law, in regulating the possession of cocaine, provides:

"(g) Any person who shall sell, offer to sell, furnish, dispose of or give away alkaloid cocaine or its salts * * * except under the conditions and to the persons authorized by this section shall be guilty of a felony."

And it is under the provisions of this section that the appellant has been convicted. In granting a certificate of reasonable doubt, Mr. Justice Blackmar, after considering the statute, says:

"The general rule is that it is necessary to negative exceptions in order to charge a crime. In this case there was neither a demurrer nor a motion in arrest of judgment. But the same question is presented by the exceptions taken on the trial. Can the crime be established without either direct or circumstantial evidence tending to show that the act of the defendant did not fall within the exceptions contained in the law defining the crime? I think not. As there are many circumstances and conditions under which the selling, giving away, furnishing, and disposing of cocaine is innocent, mere proof of the handing of a package containing cocaine by one person to another does not establish a crime, when disassociated from all circumstances tending to show that it was done in violation of the statute. No verb used in the statute as defining the crime, to wit, 'sell, furnish, dispose of, or give away,' is satisfied by proving simply the handing of a package containing cocaine by one person to another without a single circumstance from which an inference as to the purpose and intent with which it is to be used can be drawn."

See People v. Stedeker, 175 N. Y. 57, 67 N. E. 132; Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398.

[2, 3] I think the evidence is insufficient in other particulars to sustain the conviction. It is not shown that the appellant had any business relations with his codefendant, Carlucci, or that he even knew him. His entire connection with the transaction, so far as appears, was to enter the room where the police officer was sitting and hand him a package and say: "Why, this is the coke." It is not shown when or from whom he received the package, what his business was, by whom he was employed, and in what capacity or for whom he was acting in delivering the package. There is no evidence to establish that he knew that the package contained cocaine, in the absence of proof that the words "cocaine" and "coke" are understood to mean the same substance. Repeatedly during his charge the learned trial court mistakenly asserted that the appellant was working in the saloon kept by his codefendant Carlucci, that he was employed in such saloon, that Carlucci was his employer, and the jury were instructed that if the appellant was assisting or advising his codefendant in the commission of the crime he was a principal. He charged that the defendant's counsel admitted:

"That these one or two boxes of this powder, obtained in this saloon where this defendant here was working as barkeeper, contained cocaine."

I am unable to find any such admission in the record, and I think the charge was so prejudicial to the appellant in the respects indicated as to require a new trial both as matter of right and in the interest and furtherance of justice. As was said in People v. Gorman, 83 Hun, 605, 31 N. Y. Supp. 1064, the charge, having asserted the existence of facts which, if true, necessarily had an important influence upon the minds of the jury, when there was no evidence before the court to support such assertions, presents such error as to demand reversal.

The judgment of conviction of the County Court of Kings County is reversed, and a new trial ordered. All concur.